**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

REGINA TOLLIVER,

    Plaintiff,

v.

YOUFIT HEALTH CLUBS, LLC,

    Defendant.
_____/

CASE NO.

**COMPLAINT AND TRIAL BY JURY DEMAND**

**NATURE OF ACTION**

1. Plaintiff Regina Tolliver ("Plaintiff") brings this action against Defendant Youfit Health Clubs, LLC ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.72 *et seq*.

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned

1

to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Courts have consistently held that allegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016) ("The purpose and history of the TCPA thus suggest that Congress sought to curb the 'aggravation, nuisance, and invasion of privacy' that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop.").

## THE TELEPHONE CONSUMER PROTECTION ACT

6. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

7. In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id*. (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

8. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any

telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B).

10. Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'[C]alled party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

11. "If the court finds that the Defendant willfully or knowingly violated this subsection" it may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

**THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

12. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007) (quoting *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976)).

13. "The FCCPA is to be construed in a manner that is protective of the consumer." *Id.* With this in mind, the FCCPA is meant to be read, "in addition to the requirements and regulations of the federal act [the FDCPA]. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

14. In addition to actual and statutory damages, the FCCPA also provides for punitive damages. "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So. 2d at 200).

## PARTIES

15. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Hillsborough, and City of Tampa.

16. Plaintiff is a "debtor" as defined by Fla. Stat. § 559.55(8).

17. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as defined by Fla. Stat. § 559.55(6).

18. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

19. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number, ending in 0163, in connection with such subscription.

20. In early May 2017, Plaintiff signed up for a gym membership with Defendant but cancelled it about a month later.

21. In or around early August 2017, Defendant began placing incessant calls to Plaintiff's wireless number.

22. To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent has been revoked multiple times.

23. On August 28, 2017, Plaintiff sent Defendant written communication instructing them to cease placing calls to her wireless number.

24. A true and accurate copy of Plaintiff's revocation letter and envelope are attached to this complaint as Exhibit A.

25. On or before August 30, 2017, Defendant placed a call to Plaintiff's wireless number and left a voicemail message.

26. Plaintiff returned Defendant's call and asked to speak with the manager.

27. Plaintiff spoke with the manager and informed him that she did not want any more calls from Defendant and that she had not given Defendant permission to call her.

28. In response, the manager stated that Defendant did not need Plaintiff's permission to place calls to her and that the calls Defendant does place are standard protocol.

29. Rather than updating Plaintiff's file or otherwise ceasing future calls to Plaintiff, Defendant instead continued to place calls to Plaintiff's wireless number.

30. Since August 28, 2017, when Plaintiff first revoked consent in writing, Defendant has placed over 100 calls to Plaintiff's wireless number.

31. During the above-referenced calls, Defendant delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

32. Each of Defendant's voicemails were identical and stated the following pre-recorded message:

> This is Youfit health club calling to let you know we were unable to process your payment. Please give us a call back at 954-866-2555. And again that number is 954-866-2555, and we'll be more than happy to assist you.

33. In addition to the telephone calls identified above, Defendant sent Plaintiff over 10 text messages to Plaintiff's wireless number.

34. Upon information and belief, the telephone calls and text messages identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

35. Defendant did not place any calls or text messages to Plaintiff's wireless number for emergency purposes.

36. As of August 28, 2017, Defendant did not have Plaintiff's prior express consent to make any calls or text messages to Plaintiff's wireless number.

37. Upon information and belief, Defendant voluntarily placed the calls and text messages identified above to Plaintiff's wireless number.

38. Upon information and belief, Defendant placed all calls and text messages to Plaintiff's wireless number under its own free will.

39. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the calls and text messages identified above.

40. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the calls and text messages identified above.

41. Upon information and belief, Defendant maintains business records that show all calls and text messages Defendant placed and sent to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

42. Because Defendant continued to place calls and text messages to Plaintiff's wireless number, Plaintiff sought the assistance of an attorney and retained Thompson Consumer Law Group and Weisberg Consumer Law Group.

43. On October 20, 2017, Plaintiff's counsel sent Defendant a notice of representation letter.

44. A true and correct copy of the October 20, 2017 notice of representation letter is attached to this complaint as Exhibit B.

45. The October 20, 2017 notice of representation letter demanded that Defendant cease all communication with Plaintiff and direct any future contact and correspondence to Plaintiff's counsel. *See* Exhibit B.

46. Despite Plaintiff's counsel's demand that Defendant cease all contact with Plaintiff, Defendant continued to place calls and text messages to Plaintiff's wireless number.

47. On November 20, 2017, Plaintiff's counsel sent Defendant another letter that demanded Defendant cease all communication with Plaintiff and direct any future contact and correspondence to Plaintiff's counsel.

48. A true and correct copy of the November 20, 2017 letter is attached to this complaint as Exhibit C.

49. On December 4, 2017, Defendant's counsel contacted Plaintiff's counsel to discuss the instant matter.

50. On December 6, 2017, Plaintiff's counsel responded to Defendant's counsel to schedule a telephone call.

51. On December 13, 2017 and December 28, 2017, the parties' counsels spoke on the phone and discussed the details of Plaintiff's alleged claims.

52. On January 9, 2018, Defendant sent a text message to Plaintiff's wireless number.

53. A true and correct copy of the January 9, 2018 text message is attached to this complaint as Exhibit D.

54. As of January 9, 2018, Defendant knew that Plaintiff was represented by an attorney.

55. As of January 9, 2018, Defendant had no reason to contact Plaintiff as the parties' counsels were in the midst of ongoing discussions with respect to the details of Plaintiff's alleged claims.

56. At no point in time did Plaintiff's counsel consent to Defendant directly communicating with Plaintiff.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

57. Plaintiff repeats and re-alleges each and every factual allegation above.

58. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF FLA. STAT. § 559.72(7)

59. Plaintiff repeats and re-alleges each and every factual allegation above.

60. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff or any member of her family with such frequency as can reasonably be expected to harass Plaintiff or her family, or willfully engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff or any member of her family.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Punitive damages;

d) Statutory damages of $1,000.00;

e) Plaintiff's attorneys' fees and costs;

f) Any other relief.

## COUNT III
## VIOLATION OF FLA. STAT. § 559.72(18)

61. Plaintiff repeats and re-alleges each and every factual allegation above.

62. Defendant violated Fla. Stat. § 559.72(18) by communicating with Plaintiff when it knew that Plaintiff was represented by an attorney.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Punitive damages;

d) Statutory damages of $1,000.00;

e) Plaintiff's attorneys' fees and costs;

f) Any other relief.

## TRIAL BY JURY

63. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 7, 2018.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184

(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206